DAVIS v. DYER. { Aug. 13, 1875.

*Statute of Limitations—Estoppel in pais.*

In 1864 the plaintiff and defendants referred all accounts, claims, and demands existing between them to arbitration by a written submission. The time for making an award was enlarged by agreements written on the back of the submission from time to time until January 1, 1871. December 10, 1870, the arbitrators made an award which has been adjudged invalid by the court. In an action to recover the same indebtedness, which was presented to the referees and upon which their award was based, the defendants pleaded the statute of limitations. *Held*, that it was a question for the jury whether the plaintiff was induced not to commence a suit to recover his claim, during the time the matter was pending before the referees, by the defendants' agreement to refer, and abide and perform the award; and that, if this were so, the defendants are estopped from proving their plea.

FROM GRAFTON CIRCUIT COURT.

ASSUMPSIT, by David L. Davis, surviving partner, against Orville Dyer and John Bradford, trustees of the Church Family of the United Society of Shakers at Enfield. The writ is dated August 21, 1871. It is agreed that the cause of action accrued between 1857 and 1860. With the general issue, the defendants file a brief statement. "(1) The plaintiff's cause of action did not accrue within six years before the commencement of this suit. (2) The plaintiff and his said late partner, doing business under the firm name of the Shaker Mills Company, and the defendants as the trustees of the Church Family of the United Society of Shakers at Enfield, on the first day of December, 1864, by their instrument in writing, duly executed, submitted and referred all accounts, claims, and demands between the said Church Family of the United Society of Shakers at Enfield and the said Conant & Davis as said Shaker Mills Company, to Stephen Kenrick, John V. Barron, and Richard H. Messer, for final arbitration and decision, and that said submission included the cause of action in this suit; that said submission was unrevoked, and was in full effect, validity, and force between said parties at the time of the commencement of this suit,—a suit of $242,979.05, according to an account annexed."

The plaintiff contends that the facts set up in the second brief statement above do not constitute a defence, and moves that the same be rejected.

There was a submission, substantially, as alleged in the brief statement; and the time for making the award therein was extended from time to time, by agreements of the parties written on the back of the submission, to January 1, 1871. And the plaintiff con-

tends that the cause of action is saved from the operation of the statute of limitations. December 10, 1870, the arbitrators made an award, that the Shaker Mills Co., composed of said Conant & Davis, recover of the said Church Family $6,193.47, etc., being the same award which has been held bad by the court, in a suit thereon by the present plaintiff against these defendants. 54 N. H. 146. This action is to recover the same indebtedness that was presented to the referees, and upon which their award was based. (Said submission, extensions of time, and award are made part of the case, but need not be printed.) The defendants also contend, that this action at law cannot be maintained against them, because they are described in the writ, and are, in fact, trustees of said Church Family ; and that said trustees are not a corporation.

The questions thereupon arising were transferred to this court for determination by LADD, J.

*Murray* and *Pike & Blodgett*, for the plaintiff.

*Minot, Tappan & Mugridge, Bingham*, and *Barnard & Sanborn*, for the defendants.

LADD, J. The main question in this case is, whether the defendants are in a position to avail themselves of the statute of limitations to defeat the plaintiff's claim. The cause of action accrued between 1857 and 1860, and the suit was not commenced until August, 1871, so that, unless it is saved either by force of some exception in the statute, or by contract or act of the parties, the right of action is barred. The plaintiff claims that it is withdrawn from the operation of the general provision of the statute in both these ways; that it comes within the reason and fair interpretation of the exception found in sec. 9, ch. 222, Gen. Stats., with respect to actions brought within the time limited, wherein a judgment by which the right of action is not barred has been rendered against the plaintiff, and, also, that the contract of submission, and the successive agreements enlarging the time for making an award, amount in effect to a new promise or a waiver of the statute.

It is clear that neither of these propositions derives any support from the other. Each must be examined separately, and if neither will stand alone, they must all fall together.

The statute is,—" If judgment is rendered against the plaintiff, in an action brought within the time limited therefor * * * and the right of action is not barred by the judgment, a new action may be brought thereon in one year after the judgment." But here there was no action brought within the time limited, according to any legal or popular sense of those words. Undoubtedly the mischief against which the exception was intended to guard was of a like kind with that which this plaintiff must suffer in case his claim is barred ; and it may be difficult to find a satisfactory reason why the remedy should be extended to actions in which a judgment has been rendered, and not to arbitra-

tions in which an award may or may not, have been made. In one case a party is protected although the technical judgment against him may be due to his own carelessness or fault, while in the other he is apparently left to suffer a forfeiture of his whole .demand when he has committed no fault and been guilty of no negligence, but has diligently and fairly pursued a mode of adjustment favored by the law, and fails, perhaps, because the death of the arbitrator has extinguished the tribunal created by agreement of the parties for the settlement of their dispute.

Undoubtedly considerations of this sort would be entitled to weight in giving construction to the statute, were the intention of the legislature left in doubt by the language in which their act is expressed. But here they have provided, in general terms, that an action of this description may be brought within six years after the cause of action accrued, and not afterwards; and the exception, so far as regards the question in hand, is clearly defined, and extends only to actions brought within the time limited therefor in which a judgment has been rendered against the plaintiff, which does not settle the merits of the controversy. I do not see how it can be held that this is sufficient to cover a case like the present, where there has been no action brought and no judgment rendered, as those terms are ordinarily understood.

Can the submission and enlargements of time be construed as amounting to a new promise sufficient to take the plaintiff's demand out of the statute ?

It is to be observed, in the first place, that there was no acknowledgment of indebtedness by either party to the other. Each may have claimed, and probably did in fact claim, that the other was indebted to him. The agreements referred to contain an express promise by each to pay whatever may be found by the arbitrators due from him to the other. But here is a clear and express condition. The promise was to pay, not in case anything was in fact due, but to pay provided the men agreed upon as arbitrators should find anything to be due; and even this conditional promise did not go to any particular debt or item of indebtedness, but merely to treat as a debt and pay whatever sum should be awarded. But the existence of any debt was never determined by the arbitrators by a valid award : the condition of the promise was therefore in no sense fulfilled, and hence the promise falls.

Had the submission and enlargements of time the effect of a waiver by the parties of the statute of limitations during the time the matter might be pending before the tribunal they thus selected to determine it ? In other words, Are the defendants precluded by an estoppel *in pais* from proving their plea of the statute ? This, I think, is a question of fact, to be determined by the jury under proper instructions from the court.

If, in fact, the plaintiff was induced to postpone bringing his suit by the agreement of the defendants to refer, and to perform the award, for the period of time during which his legal right to commence a suit was thus put in abeyance by the agreement, I see no reason why that does not

amount to an estoppel *in pais*, which must prevent the defendants from availing themselves of the fact that the cause of action did not accrue within six years to defeat the action. However strong the probabilities on that subject may appear, the court cannot say, as matter of law, that the fact was so.

As to the other objection stated in the case, I do not understand exactly what question is intended to be raised. Mr. Mugridge, in his brief, says the claims of the plaintiff are against the Church Family, and the defendants are only trustees of that family; and he also states some other matters not appearing in the case, which were probably only available in abatement. The covenant, or articles of association, under which this very respectable class of our people transact their secular business, is not before us. Assuming it to be the same as that adopted by the same sect in the neighboring state of Maine, enough seems to be settled in the very carefully considered cases of *Waite* v. *Merrill*, 4 Greenl. 102, and *Anderson* v. *Brock*, 3 Greenl. 243, to which we have been referred by the plaintiff's counsel, to answer all objections which may be raised on this point. As it is, I see nothing in the objection as stated in the case that should prevent the plaintiff from maintaining the suit.

CUSHING, C. J., and SMITH, J., concurred.

*Case discharged.*